UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                               )
KAREN A. DERRINGER, et al.,    )
                               )
        Plaintiffs,            )
                               )
        v.                     )      Civil Action No. 09-1979 (RWR)
                               )
MARIANNE EMERSON, et al.,      )
                               )
        Defendants.            )
_____)
```

### MEMORANDUM OPINION

Plaintiffs Karen A. Derringer and Sanna Lee Solem ("Sanna Lee") bring this action against Marianne Emerson and the Ray Solem Charitable Foundation ("the Foundation") involving a dispute over their father's living trust. The defendants have moved to dismiss the action, arguing, in part, that the plaintiffs' action is barred by Virginia's two-year statute of limitations on actions contesting a will. Because Derringer and Sanna Lee have effectively contested the trust by requesting declaratory relief that would invalidate amendments made to their father's trust, and the contest is barred by Virginia's two-year statute of limitations, the defendants' motions to dismiss, treated as motions for summary judgment, will be granted.

### BACKGROUND

On February 6, 2004, Richard Ray Solem ("Solem"), Derringer's and Sanna Lee's father and Emerson's common law husband (Am. Compl. ¶ 9), created a living trust for the

administration of all of his assets, both during his life and upon his death. (Id. ¶ 8; see also Ex. 1.) It initially named Derringer and Sanna Lee as beneficiaries of his estate, and allocated to them upon his death between $2,000,000 and $4,000,000 of trust assets, with the remaining assets distributed to the Foundation. (Id. ¶¶ 10-11, Ex. 1 at 8-2.) The trust's no contest clause states that

> [i]f any person, including a beneficiary . . . shall in any manner, directly or indirectly, attempt to contest or oppose the validity of this agreement, including any amendments thereto, or commences or prosecutes any legal proceedings to set this agreement aside, then . . . such person shall forfeit his or her share, cease to have any right or interest in the trust property, and shall be deemed to have predeceased me.

(Id., Ex. 1 at 18-6.)

The trust designated Solem as its trustee and Derringer as a successor trustee in the event of Solem's death or mental incompetence. (Id., Ex. 1 at 1-1, 15-2 - 15-3.) On September 27, 2004, however, Solem signed a memorandum ("the Memorandum") entitled "Modifications in Richard Ray Solem Living Trust" directed to Emerson and his lawyer, expressing his decision to remove Derringer as a successor trustee to his trust and to transfer all of his trust assets to the Foundation upon his death. (Id. ¶ 14, Ex. 3.) Solem stated that he "no longer trust[ed] . . . [Derringer] to responsibly act as successor trustee" and "[did] not wish to name [his] daughters as beneficiaries of [his] estate[.]" (Id., Ex. 3.) On

September 29, 2004, Solem executed a notarized summary ("the
Summary") memorializing his intentions regarding his trust
amendment.  (Id. ¶ 14, Ex. 2.)  In the Summary, Solem named
Emerson as the successor trustee to his trust, and, if Emerson
was unable to serve, Sanna Lee as the next successor trustee, and
named the Foundation as the trust's beneficiary.  (Id., Ex. 2
¶¶ 4, 6.)  Both Derringer and Sanna Lee were aware that
modifications had been made to the trust as of January 2006.  In
an email dated April 6, 2005, Solem told Derringer that he had
"made alternative arrangements for his estate" (Defs.' Mem. of P.
& A. in Supp. of Mot. to Dismiss ("Defs.' Mem."), Ex. 2, Att. A),
and Sanna Lee sent an email to Emerson on January 12, 2006
stating that she understood that her father had removed her from
his will, but questioned whether money had been set aside for her
for specific purposes.  (Id., Ex. 2, Att. B.)

Solem died on January 4, 2006.  (Am. Compl., Ex. 4; Defs.'
Mem. at 2, Ex. 1.)  On October 14, 2009, Derringer and Sanna Lee
filed this action.  Their amended complaint seeks declaratory
relief regarding the terms of the trust.  The defendants move to
dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing
that Derringer and Sanna Lee's action amounts to a trust contest
and is barred by Virginia's two-year statute of limitations.
Plaintiffs oppose the defendants' motions.

## DISCUSSION

A motion to dismiss for failure to state a claim may be granted where a complaint, construed in the light most favorable to the plaintiff, does not allege sufficient facts to support a claim.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007). "'A defendant may raise the affirmative defense of statute of limitations via a Rule 12(b)(6) motion when the facts that give rise to the defense are clear from the face of the complaint.'" Perry v. Scholar, 696 F. Supp. 2d 91, 95 (D.D.C. 2010) (quoting Turner v. Afro-American Newspaper Co., 572 F. Supp. 2d 71, 72 (D.D.C. 2008)).  When considering

> a motion to dismiss under Rule 12(b)(6) asserting a
> statute of limitations bar, where both parties submit
> material outside the pleadings and "the parties are not
> taken by surprise or deprived of a reasonable
> opportunity to contest facts averred outside the
> pleadings and the issues involved are discrete" legal
> issues, the court may convert the motion to a motion for
> summary judgment "without providing notice or the
> opportunity for discovery to the parties."

Highland Renovation Corp. v. Hanover Ins. Group, 620 F. Supp. 2d 79, 82 (D.D.C. 2009) (quoting Tunica-Biloxi Tribe of La. v. United States, 577 F. Supp. 2d 382, 405 (D.D.C. 2008)).  Because both sides have submitted exhibits outside the pleadings, and the exhibits have not been excluded by the court, the defendants' motions will be treated as motions for summary judgment.  Summary judgment may be granted where the moving party demonstrates that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).

A genuine issue of material fact is presented where a "reasonable jury could return a verdict for the non-moving party." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

Under Virginia law, "a resort to the means provided by law for attacking the validity of a will amounts to a contest[.]" <u>Womble v. Gunter</u>, 95 S.E.2d 213, 219 (Va. 1956) (internal quotation marks omitted).  A party contests the validity of a will[1] when it challenges the will on grounds of lack of testamentary capacity, fraud, undue influence, improper execution, forgery, or subsequent revocation by a later will.  <u>See</u> <u>id.</u> at 216.  This list, however, is not exhaustive.  <u>See</u> <u>In re Rohrbaugh</u>, Nos. FI 2002-68397, CL 2009-16701, 2010 WL 1805359, at *8 n.10 (Va. Cir. Mar. 31, 2010) (noting that <u>Womble</u> did not expressly state or imply that lack of testamentary capacity, fraud, undue influence, improper execution, forgery, or subsequent revocation by a later will were the only grounds that constitute a will contest).  The question of whether an action seeking interpretation of a will's provisions constitutes a contest depends largely on the language of the will's forfeiture or no contest clause and "*the facts and circumstances of each particular*

---

[1] Because Solem's trust provisions outlined the distribution of his property after his death (see Am. Compl., Ex. 1), the trust provisions should be interpreted in the same way as those appearing in wills.  See, e.g., Keener v. Keener, 682 S.E.2d 545, 548 (Va. 2009) (noting that where a testator relies on a trust for the disposition of property after death, the same principles of forfeiture and contestation that apply to wills apply to the trust).

*case*." Va. Found. of Indep. Colls. v. Goodrich, 436 S.E.2d 418,

420 (Va. 1993) (emphasis in original) (internal quotation marks

omitted).  Generally, an action that would thwart the purpose of

the will constitutes a contest to its validity.  See Keener v.

Keener, 682 S.E.2d 545, 549 (Va. 2009).

The amended complaint questions whether the Summary and

Memorandum amended Solem's trust (see Am. Compl. ¶ 15 ("[T]he

central issue . . . is whether these two documents somehow amended

or revised the Living Trust[.]") and seek an order declaring that

the living trust was not amended by the Summary and Memorandum.

(Id. ¶ 23.)  "In questions of trust interpretation, the 'plain

language of the instrument controls a court's inquiry.'"  In re

Rudwick, No. 01-633, 2002 WL 31730757, at *2 (Va. Cir. Ct. Dec. 5,

2002) (quoting NationsBank of Va., N.A. v. Estate of Grandy, 450

S.E.2d 140, 143 (Va. 1994)).  In his trust, Solem expressly

retained "the absolute right to amend or revoke [the] trust, in

whole or in part, at any time."  (Am. Compl., Ex. 1 at 4-2 ¶ d.)

The trust states that "[a]ny amendment or revocation must be

delivered to [the] Trustee in writing."  (Id.)  At the time Solem

executed the Summary and Memorandum, he was the Trustee.  (Id.,

Ex. 1 at 1-1.)  Thus, under the plain language of the trust

instrument, Solem only had to put in writing his amendments to

render them effective.  Solem wrote and signed both the Summary

and Memorandum.

Although the plaintiffs' brief claims that the plaintiffs "do not question the validity of the Summary and Memorandum" (Pls.' Opp'n to Def. Ray Solem Charitable Foundation's Mot. to Dismiss the First Am. Compl. at 6), the amended complaint nonetheless seeks a judgment declaring that (1) the Living Trust was not amended, (2) assets up to $2,000,000 should be distributed to them, (3) they are trustees of the Foundation, (4) any assets beyond $2,000,000 should be distributed to the Foundation, and (5) the Foundation shall return $2,000,000 in assets to the living trust. (Am. Compl. ¶ 23.) By requesting a judgment declaring that the trust was never amended, the plaintiffs do not merely seek an interpretation of the trust amendments, but they also seek invalidation of the amendments. Because the relief sought would directly oppose the validity of the trust amendments -- an action expressly prohibited by the trust's no contest clause -- it amounts to a trust contest.

Under Virginia law, a person may file an action regarding the validity of a trust up to two years after the settlor's death or six months after the trustee sent the party a copy of the trust instrument.[2] Va. Code Ann. § 55-546.04. The plaintiffs filed this action almost four years after Solem's death and nearly two years after Virginia's statute of limitations ran. The action,

---

[2] The six-month provision does not apply here because the record does not reflect that any trust instrument was formally delivered to the plaintiffs.

therefore, is untimely.  Because there are no material facts in dispute and the defendants are entitled to judgment as a matter of law, the defendants' motions to dismiss, treated as motions for summary judgment, will be granted.

CONCLUSION

Because the plaintiffs' action contests the trust but was filed beyond Virginia's applicable two-year statute of limitations for such an action, the defendants' motions, treated as motions for summary judgment, will be granted.  A separate Order accompanies this Memorandum Opinion.

SIGNED this 6th day of August, 2010.


_____/s/_____
RICHARD W. ROBERTS
United States District Judge